62 Cal.App.3d 42 (1976)
133 Cal. Rptr. 363
THE PEOPLE, Plaintiff and Respondent,
v.
JACK EDWARD ENOCHS, Defendant and Appellant.
Docket No. 14350.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
September 15, 1976.
*43 COUNSEL
Jack Edward Enochs, in pro. per., for Defendant and Appellant.
Burt Pines, City Attorney, and Ward G. McConnell, Deputy City Attorney, for Plaintiff and Appellant.
OPINION
MARSHALL, P.J.
Defendant was charged with violation of section 22348, subdivision (a) of the Vehicle Code; he pleaded nolo contendere and then made an explanation, following which he asked that he be permitted to attend traffic school. Defendant contends that the court would not permit him to attend because he gave his explanation before asking for traffic school.
The trial court declared in its certified statement that the "custom" in arraignment court is to inform defendants that if they wish to attend traffic school, they must state such desire before they give any explanation of their conduct.[1] According to the settled statement, if an *44 explanation is given before defendant requests traffic school, he will be denied the right to attend the school. (1) To grant or refuse a request for traffic school on such an arbitrary basis is a clear abuse of discretion by the trial court. Such discretion must be "governed by legal rules to do justice according to law." (See Ex Parte Hoge (1874) 48 Cal. 3, 5 quoted with approval in In re Podesto (1976) 15 Cal.3d 921, 933 [127 Cal. Rptr. 97, 544 P.2d 1297].) A decision based on the order in which a defendant made his requests is not one grounded in "legal rules to do justice according to law."
The trial judge has the power to order defendant to attend traffic school. If the trial judge believes that a defendant's circumstances indicate that a defendant would benefit from attending school, such attendance should be authorized. The question of such imposition should not be affected by the order in which plea, explanation and request (for school) are presented. To decide on defendant's entitlement to traffic school on the basis of the order of presentation rather than the facts of the case is capricious and arbitrary.
The judgment is reversed.
Cole, J., and Alarcon, J., concurred.
NOTES
[1] Incidentally, we note that the general statement of rights dated May 8, 1975, read to the defendant according to the docket, mentioned that the request for traffic school must precede the defendant's explanation. This does not constitute notice to defendant that if he does not make his request, as indicated, he will be fined and not sent to traffic school. In any case, whether the defendant has such notice or not, the custom is arbitrary.