Opinion
SOVEN, J.
Defendant was convicted of speeding in violation of Vehicle Code section 22350. The officer testified that defendant was driving 52 miles per hour in a 3 5-mile-per-hour zone. After the officer and defendant testified, defendant asked to attend traffic school.
The statement on appeal states; “The Court then informed the defendant that it was not possible to attend traffic school after receiving a trial. The Judges had adapted [sic] the policy that traffic school is available before trial as an alternative to trial.”
Vehicle Code section 42005, subdivision (b), provides that “[i]n lieu of adjudicating a traffic offense, and with the consent of the defendant, or after conviction of a traffic offense, the court may order any person issued a notice to appear for a traffic violation to attend a traffic violator school . . . .” (Italics added.)
Section 42005, by its terms, envisions the possibility of traffic school either before or after conviction.[1] Moreover, independent of the particular *Supp. 45 language of section 42005, this court held in People v. Enochs (1976) 62 Cal.App.3d Supp. 42, 43-44 [133 Cal.Rptr. 363], that a court’s discretion to grant or deny a request for traffic violator school did not encompass a blanket refusal to permit traffic school to all defendants who requested traffic school after trial: “To grant or refuse a request for traffic school on such an arbitrary basis is a clear abuse of discretion by the trial court. Such discretion must be ‘governed by legal rules to do justice according to law.’ [Citations.] A decision based on the order in which a defendant made his requests is not one grounded in ‘legal rules to do justice according to law.’
“The trial judge has the power to order defendant to attend traffic school. If the trial judge believes that a defendant’s circumstances indicate that a defendant would benefit from attending school, such attendance should be authorized. The question of such imposition should not be affected by the order in which plea, explanation and request (for school) are presented. To decide on defendant’s entitlement to traffic school on the basis of the order of presentation rather than the facts of the case is capricious and arbitrary.”
In summary, both the present language of Vehicle Code section 42005 and People v. Enochs, supra, 62 Cal.App.3d Supp. 42, decided more than 11 years ago, require trial courts to consider the merits of a defendant’s request for traffic violator school whether that request is made before or after conviction. The trial court in this case abused its discretion in relying on a court policy to deny any defendant permission to attend traffic violator school after conviction.
The judgment of conviction is affirmed. The case is remanded to the trial court with directions to set the matter for a hearing to consider and decide defendant’s request for traffic violator school consistent with the views expressed in Enochs and in this opinion.
Cooperman, P. J., and Newman, J., concurred.

 Section 42005, as enacted in 1968, provided that the “court may order any person convicted of a traffic violation to attend a school for traffic violators . . . .” (Stats. 1968, ch. 1192, § 21, p. 2265.) This portion of section 42005 remained in effect until 1984. (See Stats. 1975, ch. 844, § 3, p. 1910.) In 1984, subdivision (a) of section 42005 was amended to provide *Supp. 45 for traffic violator school “[i]n lieu of adjudicating a traffic offense, and with the consent of the defendant . . . .” (Stats. 1984, ch. 1037, § 5, pp. 3596-3597.) The provision for traffic school after conviction was added in 1985. (Stats. 1985, ch. 396, § 23.)