[No. B077198. Second Dist., Div. Four. Nov. 23, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
CARYN SCHINDLER, Defendant and Appellant.

## COUNSEL

Caryn Schindler, in pro. per., for Defendant and Appellant.

James K. Hahn, City Attorney, Debbie Lew and Edith Kornfeld Light, Deputy City Attorneys, for Plaintiff and Respondent.

## OPINION

**VOGEL (C. S.), Acting P. J.**—Pursuant to rule 62, California Rules of Court, we transferred this matter from the appellate department of the superior court in order to settle an important question of law. (1) Contrary to the appellate department, we conclude that after convicting a defendant of a traffic infraction the trial court is not required to state its reasons for denying the defendant's request for traffic school. (Veh. Code, § 42005.)[1] We affirm the judgment of the municipal court.

### FACTS

Defendant and appellant Caryn Schindler was cited for speeding at 76 miles per hour on the freeway, in violation of section 22349 which sets the maximum speed at 55 miles per hour.

---

[1]All statutory references are to the Vehicle Code unless otherwise indicated.

Section 42005, subdivision (b) provides: "In lieu of adjudicating a traffic offense, and with the consent of the defendant, or after conviction of a traffic offense, the court may order any person issued a notice to appear for a traffic violation to attend a traffic violator school . . . ."

At the arraignment the trial court advised that if prior to trial, a defendant pleaded guilty subject to being granted traffic school, the court would grant traffic school.

The court further advised that if a defendant was convicted after trial, the granting of traffic school was an alternative sentence within the discretion of the court, that the court might or might not grant traffic school and need not give a reason for granting or not granting traffic school. The court stated that a request for traffic school would be judged in light of all the facts presented to the court. The court gave an example that if a defendant was found guilty of driving 30 miles per hour in a 25-mile-per-hour zone the court might grant traffic school, but if a defendant was found guilty of driving 80 miles per hour in a school yard the court might not.

Appellant offered to plead guilty to violating section 22349 at a lesser speed. The court advised that it would not accept a plea at a lesser speed, treated appellant's offer as a plea of not guilty, and tried the case. Upon the citing officer's testimony, the court found appellant guilty as charged.

After conviction, appellant requested traffic school. The court denied this request. Appellant requested the court to give its reasons for not granting traffic school. The court declined to give an explanation.

## DISCUSSION

Under section 42005, the court *may* order traffic school. Although the court may not arbitrarily refuse to entertain a request for traffic school merely because a defendant elects to plead not guilty (*People* v. *Wozniak* (1987) 197 Cal.App.3d Supp. 43 [243 Cal.Rptr. 686]; *People* v. *Enochs* (1976) 62 Cal.App.3d Supp. 42 [133 Cal.Rptr. 363]), the court otherwise has discretion to grant or not grant traffic school for a traffic violation. (*People* v. *Levinson* (1984) 155 Cal.App.3d Supp. 13, 21 [203 Cal.Rptr. 426].)[2]

Nothing in section 42005 requires the court to state its reasons for granting or rejecting traffic school. This contrasts with statutes which expressly require the court to state reasons. (E.g., Pen. Code, § 1170, subd. (c) [felony sentence choices]; Code Civ. Proc., § 128.5, subd. (c) [sanctions for frivolous or bad faith tactics].) Regardless of whether a statement of reasons would be useful to a reviewing court (*People* v. *Gray* (1986) 187 Cal.App.3d 213, 222 [231 Cal.Rptr. 658]), the Legislature, knowing full well how to

---

[2]The practical significance for most drivers is that attendance at traffic school may lead to dismissal of the charge, clearing the driver's record. (§§ 1803.5, 42007, subd. (e); Amerian, *How to Defend a Traffic Ticket* (Feb. 1977) 52 L.A.Bar J. 398, 402.)

mandate the giving of a statement of reasons, has not done so in this statute. (*People* v. *Fugate* (1990) 219 Cal.App.3d 1408, 1412-1413 [269 Cal.Rptr. 37] [court need not state reasons for misdemeanor sentence choice]; *People* v. *Romero* (1985) 167 Cal.App.3d 1148, 1152-1157 [213 Cal.Rptr. 774] [court need not state reasons for imposing particular restitution fine].)

We are especially loathe to impose by judicial decision a requirement of a statement of reasons in the context of this case, involving the disposition of a mere infraction. (§§ 40000.1, 42001, subd. (a), 42005; Pen. Code, § 19.6.)[3]

In *In re Kathy P.* (1979) 25 Cal.3d 91, 96-101 [157 Cal.Rptr. 874, 599 P.2d 65], the Supreme Court held that traffic infractions by juveniles could constitutionally be tried in juvenile court by nonattorney subordinate judicial officers. The court commented, "Given their nature, the high volume of infraction cases . . . clearly necessitates simplified procedures for their fair and efficient disposition. In other contexts this court often has recognized the permissibly summary handling of infraction cases by excepting them from rules required in misdemeanor cases . . . , by permitting minor traffic charges to be tried without a prosecuting attorney . . . , and by holding conviction of a traffic infraction not a bar to prosecution for a more serious related offense . . . . Advantages of expediting infraction cases through flexible, innovative procedures are that 'defendants gain a swift and inexpensive disposition of their cases without risk of major penalties; and the prosecution, the court system, and ultimately the public benefit because judicial and law enforcement resources are freed to concentrate on serious criminal behavior.' " (*Id.* at pp. 98-99, citations and fn. omitted; see also *People* v. *Lucas* (1978) 82 Cal.App.3d 47, 48-56 [147 Cal.Rptr. 235].) The Legislature has also recognized the public interest in efficient summary processing of traffic infractions by authorizing trials on written declarations and summary trials. (§§ 40901, 40902.)

To require the busy municipal court to state reasons on the record for denying traffic school in individual cases would impose a time-consuming

---

[3]Under sections 42001, subdivision (a), and 42005, subdivisions (a) and (b), appellant's infraction is not punishable by imprisonment but only by fine and/or attendance at traffic school.

Penal Code section 19.6 provides: "An infraction is not punishable by imprisonment. A person charged with an infraction shall not be entitled to a trial by jury. A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him or her unless he or she is arrested and not released on his or her written promise to appear, his or her own recognizance, or a deposit of bail."

See also *People* v. *Levinson, supra,* 155 Cal.App.3d at page Supp. 16, footnote 2 (hearing-impaired traffic violator not entitled to court-appointed interpreter for traffic school).

burden which interferes with the public interest in the efficient processing of thousands of infraction cases. The burden on the system and the public would be far out of proportion to the benefit to be gained by the occasional defendant who hopes to persuade a reviewing court that discretion was abused based on the particular circumstances of his or her case. Given the discretionary nature of the decision and the minor nature of the offense, the trial court should not be saddled with the additional burden of stating its reasons on the record, where the statute does not require it.[4]

Here, the trial court was not required to give an explanation, and nothing in the record establishes an abuse of the trial court's discretion.

### DISPOSITION

The judgment is affirmed.

Hastings, J., and Conway, J.,* concurred.

---

[4]Inconsistencies between one court and another, or one defendant and another, can be addressed in other ways than requiring statements of reasons in individual cases. We note that the Legislature has required the Judicial Council to study and report on the advisability of establishing uniform statewide eligibility criteria governing drivers seeking to attend traffic violator's school. (§ 42007, subd. (c); Gov. Code, § 7550.5, subd. (a).)

*Judge of the Los Angeles Superior Court sitting under assignment by the Chairperson of the Judicial Council.