[L.A. No. 30812. Mar. 28, 1978.]

ALEJANDRO RAMIREZ FERREL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Ezekiel Perlo and John L. Ryan, Deputy Public Defenders, for Petitioner.

John H. Larson, County Counsel, and John P. Farrell, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

MANUEL, J.—Alejandro Ramirez Ferrel is presently incarcerated in the Los Angeles County jail awaiting trial on various felony charges.[1] By this petition for writ of mandate, he seeks to compel the Los Angeles County Superior Court to set aside its order revoking his right to represent himself and to enter a new order permitting him to represent himself on these charges.

Petitioner has, since the initiation of the criminal proceedings against him, sought to proceed in propria persona (hereinafter referred to as pro. per.). His motion to this effect was granted by the municipal court, and he represented himself at the preliminary hearing. In respondent superior court petitioner renewed his motion to proceed in pro per. Respondent granted this motion and ordered that petitioner be allowed pro. per. privileges at the county jail.[2] Six months later, in November

---

[1]An information filed on June 2, 1976, charged petitioner with the following violations: robbery (Pen. Code, § 211), kidnaping (Pen. Code, § 209), rape (Pen. Code, § 261, subd. 3), forcible oral copulation (Pen. Code, § 288a), aggravated assault (Pen. Code, § 245, subd. (a)), and violation of the dangerous weapons control law (Pen. Code, § 12021). This information was later amended to charge petitioner with two prior convictions.

[2]By pro. per. privileges we refer to out-of-court privileges afforded an incarcerated defendant proceeding in pro. per. for the purpose of facilitating his preparation of a defense; to be distinguished from pro. per. status which refers to the right of a defendant electing to proceed in pro. per. to appear on his own behalf and present a defense in court. The privileges afforded by Los Angeles County to defendants proceeding in pro. per. are extensive and include access to a law library, use of and conferences with legal runners, telephone privileges, witness interviews, and the use of and conferences with investigators. We note that a Los Angeles County Superior Court has ordered in another proceeding that these privileges could not be suspended merely as a concomitant of an intra-jail disciplinary punishment, except when suspension is directly based upon a serious breach of security by the affected person and court approval for such suspension

1976, after petitioner's repeated violation of jail rules involving abuse of his pro. per. privileges,[3] these privileges were ordered suspended. Thereafter, at a hearing before respondent, over objection of the public defender who had been appointed to represent petitioner solely for the purposes of the hearing, respondent terminated petitioner's pro. per. status and appointed the public defender to represent him at trial.

■ A defendant in a criminal proceeding has a federal constitutional right to represent himself without counsel if, upon timely motion (*People v. Windham* (1977) 19 Cal.3d 121 [137 Cal.Rptr. 8, 560 P.2d 1187]), the trial court determines that he voluntarily and intelligently elects to do so (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]). If these conditions are satisfied, the trial court must permit an accused to represent himself without regard to the apparent lack of wisdom of such a choice and even though the accused may conduct his own defense ultimately to his own detriment. (*Faretta, supra,* 422 U.S. at pp. 834, 835 [45 L.Ed.2d at p. 581].)

■ Petitioner contends that a violation of jail rules does not warrant termination of the constitutional right of self-representation; such termination, he argues, is permissible only if an accused deliberately engages in serious and obstructionist misconduct intended to disrupt the trial or abuse the dignity of the courtroom.

A basis for this contention can be found in the nature of the Sixth Amendment right of self-representation itself which guarantees that an accused can personally present his own defense. Since it is manifest that the right to present a defense must necessarily be exercised in court, we conclude that an accused should only be deprived of that right when he engages in disruptive in-court conduct which is inconsistent with its proper exercise.

The decision in *Faretta* lends support to this conclusion. The United States Supreme Court, by citing its decision in *Illinois v. Allen* (1970) 397 U.S. 337 [25 L.Ed.2d 353, 90 S.Ct. 1057], mentions only disruptive

---

is sought no later than the first court day following such breach of security, and that the privileges could not be suspended for more than 48 hours.

[3]Evidence presented at the hearing showed that the petitioner abused his privilege of having a legal runner by passing $440 in cash, obtained through illegal gambling activities, to that runner in violation of jail rules; that he abused his telephone privileges by damaging a telephone; and that he had been the subject of several incident reports and disciplinary proceedings while in custody.

in-court behavior in its discussion of when the right of self-representation can be terminated.

The respondent, however, contends that termination of a defendant's pro. per. status would also be justified when, by defendant's own misconduct in jail, he loses his pro. per. privileges, thereby making it practically impossible for him to prepare a defense. In that event, it is argued that the right to proceed in pro. per. should be terminated and counsel appointed in order to guarantee a fair and speedy trial.

■■ Limitations on or suspension of a defendant's pro. per. privileges, whether or not such privileges may initially be required,[4] may be necessary in certain circumstances as a result of a defendant's misconduct in jail. ■■ ■■ The existence of such limitations on pro. per. privileges would not, however, preclude a defendant from making an intelligent and voluntary decision to continue to represent himself provided that he has been warned of the dangers and difficulties that such a choice might entail.[5] We therefore conclude that respondent committed error when after petitioner's pro. per. privileges were suspended as a result of his misconduct in jail, respondent terminated petitioner's pro. per. status as well.

Let a peremptory writ of mandate issue, commanding the superior court to vacate its order terminating petitioner's pro. per. status and to enter a new order permitting petitioner to proceed in pro. per.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Newman, J., concurred.

---

[4]Resolution of the issue whether pro. per. privileges or reasonable alternatives thereto are required as a concomitant of the right of self-representation is not necessary to our determination in the instant case. That issue, however, is now before us in another case.

[5]The fact that pro. per. privileges may be subject to limitation or suspension is a consideration of which the defendant should be made aware at the time he initially elects to represent himself. Similarly, when a valid limitation on or suspension of pro. per. privileges occurs, a defendant should be afforded the opportunity to reconsider whether he wants to proceed in pro. per. or have counsel appointed to represent him.