DANNY L. ROSS, JAMES F. TAYLOR and CLAUDE THERIAULT, Appellants, v. THE STATE OF NEVADA, Respondent.

No. 10856

February 20, 1981                    623 P.2d 980

[1] See ABA Code of Professional Responsibility, EC 2-17, 2-18; DR 2-107 and SCR 203, which adopts the ABA code.

*Stephen M. Stephens,* Carson City, for Appellant Danny L. Ross.

*Samuel S. Wardle,* Carson City, for Appellant James F. Taylor.

*Paul C. Giese,* Reno, for Appellant Claude Theriault.

*Richard H. Bryan,* Attorney General, Carson City, for Respondent.

## OPINION

By the Court, BATJER, J.:

Appellants were convicted of murder for their participation in a prison riot which took place on October 10, 1976, in the Nevada State Prison in Carson City. Taylor and Theriault were sentenced to death.[1] Ross was sentenced to two consecutive terms of life imprisonment without possibility of parole. We reverse the convictions and remand the case because appellants were denied the assistance of counsel at their trial.

The record demonstrates that appellants validly waived their right to representation by counsel, invoked their constitutional right to represent themselves, and proceeded to litigate pretrial writs and motions *in propria persona.* Faretta v. California,

---

[1] The trial court properly ruled that the present bifurcated procedure for imposing the death penalty, NRS 200.030 et seq., was applicable to appellants Taylor and Theriault. Although the offenses were committed in 1976, when the provisions of the capital murder statute were in force, 1973 Nev. Stats. ch. 798 § 5, the trial was held after the bifurcated procedure was in force, 1977 Nev. Stats. ch. 585 §§ 1-4. The change from a mandatory death penalty to the sentencing hearing was a procedural and ameliorative one, *see* Dobbert v. Florida, 432 U.S. 282 (1977), and employing the procedure in effect at the time of the trial was proper.

422 U.S. 806 (1975); Nev. Const. art. 1 § 8. The record also shows, however, that a month before the date set for trial, the appellants retracted their waivers of the right to counsel, and requested that counsel be appointed to represent them at trial. We need not decide at what point the district court would have discretion to refuse to appoint counsel when a defendant seeks to terminate his *propria persona* status. *See* State v. MacKinnon, 41 Nev. 182, 168 P. 330 (1917) (request for counsel when case called for trial). We hold that under the circumstances of this case, when the defendants requested that counsel be appointed to represent them a month before the scheduled trial date, the district court had no discretion to refuse appointment of counsel. *See* Gideon v. Wainwright, 372 U.S. 335 (1963); State v. DeLuna, 520 P.2d 1121 (Ariz. 1974); Ferrel v. Superior Ct. of L.A. County, 576 P.2d 93, 95 n. 5 (Cal. 1978); *see also* Garnick v. Miller, 81 Nev. 372, 403 P.2d 850 (1965). We are therefore constrained to reverse these convictions and remand to the district court for a new trial.

In view of our disposition of the case, other errors assigned by appellants need not be considered. The judgments of conviction are reversed and the case is remanded to the district court for a new trial.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., concur.

