[Crim. No. 10607. Third Dist. Mar. 30, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT SIDNEY HARTSFIELD, Defendant and Appellant.

**COUNSEL**

Robert Sidney Hartsfield, in pro. per., and Michael E. Kilpatrick, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller, W. Scott Thorpe and Janice Rogers Brown, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—On December 18, 1978, defendant, then represented by counsel, entered a bargained-for plea of guilty to second degree burglary, a felony. As part of the plea bargain, defendant was promised that he would not be sent to state prison. The prosecutor petitioned for defendant's commitment as a narcotic addict (Welf. & Inst. Code, § 3051) and on February 9, 1979, he was ordered committed to the

California Rehabilitation Center (CRC). Defendant was never physically delivered to CRC because, on December 30, 1978, while still confined in the county jail, he had been charged with sodomy (Pen. Code, § 286, subd. (d)). On July 10, 1979, defendant was found guilty of sodomy and, on August 22, 1979, he was sentenced for that offense to state prison for four years.

On September 28, 1979, defendant was returned to court from prison pursuant to a determination by the superintendent of CRC that he was ineligible for participation in the civil addict program as a result of his state prison sentence for sodomy. Criminal proceedings were reinstated in the burglary case, defendant's request to proceed in propria persona was granted and a supplemental probation report was ordered.

On October 10, 1979, the court denied defendant's motion for an order to show cause why he should be excluded from the CRC. Pursuant to the original plea bargain, defendant was sentenced to one year in the county jail for burglary, rendering that conviction a misdemeanor as a matter of law (Pen. Code, § 17, subd. (b)(1)). The burglary term was ordered to be served in the county jail consecutively to the sodomy term.

On appeal defendant contends that (1) he did not knowingly and intelligently waive his right to counsel, (2) the CRC commitment was improperly terminated, (3) the one-year consecutive sentence exceeded the court's jurisdiction, and (4) the court erred by not stating its reasons for imposing a consecutive sentence.

I.

A trial court must permit a defendant to represent himself where the defendant voluntarily and intelligently waives his right to counsel (*Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525]) even though he may conduct his own defense ultimately to his detriment (*Ferrell v. Superior Court* (1978) 20 Cal.3d 888, 891 [144 Cal.Rptr. 610, 576 P.2d 93]). Prior to granting defendant's motion for self-representation, the court determined that defendant was capable of exercising his constitutional right of self representation and that his waiver of right to counsel was voluntary and intelligent. Under the circumstances the trial court was not only required to grant defendant's motion for self-representation but it would have been error to deny it.

## II.

■ It is clear from the record, and defendant does not claim otherwise, that he was being excluded from the CRC based upon his intervening conviction for sodomy and the four-year prison sentence imposed therefor. Accordingly, the exclusion was proper and no further hearing was required. (*People* v. *Superior Court* (1970) 2 Cal.3d 527, 531-534 [86 Cal.Rptr. 83, 468 P.2d 211]; *People* v. *Munoz* (1975) 51 Cal.App.3d 559, 567 [124 Cal.Rptr. 322].)

## III.

Defendant contends his burglary sentence should have been calculated in the manner prescribed by Penal Code section 1170.1 for imposition of consecutive sentences, i.e., the court should have added only one-third of the year to be served consecutively to the sentence imposed for sodomy. ■ Penal Code section 1170.1 governs the calculation of consecutive terms upon conviction of "two or more *felonies*," providing that in such cases the "subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for *each other felony conviction* for which a consecutive term of imprisonment is imposed, . . ." (Italics added.)

Plainly, the statute upon which defendant relies does not apply to a sentence for misdemeanor ordered to be served consecutively to a felony term.

*In re Eric J.* (1979) 25 Cal.3d 522 [159 Cal.Rptr. 317, 601 P.2d 549], cited by defendant, is also inapposite. That case involved findings by the juvenile court that the minor had engaged in criminal conduct equivalent respectively to commission of a felony and a misdemeanor. The minor was committed to the Youth Authority. The Supreme Court held that in determining the maximum term for which a minor could be physically confined under a juvenile court commitment (Welf. & Inst. Code, § 726), the Legislature intended the formula in Penal Code section 1170.1 to be applied uniformly without distinction between felony and misdemeanor counts run consecutively. Noting the inapplicability of Penal Code section 1170.1 to adult misdemeanor sentences, the court distinguished them from juvenile commitments: "Although the Legislature clearly indicated its intent that the aggregation provisions of Penal Code section 1170.1, which limit consecutive terms to one-third of the middle determinate term, apply only in imposing sentence

for felonies, we are not persuaded that the Legislature intended that this distinction apply in determining the maximum period of confinement for minors committed by the juvenile court. The limitation of section 1170.1 reflects a legislative recognition that misdemeanor terms, unless imposed concurrently with a felony term, are served in local detention facilities and are not part of a continuous period of imprisonment under the supervision of the same correctional officials. The judge who orders that a misdemeanor term be served consecutively to a previously imposed felony term thus retains discretion as to the length of the misdemeanor term and the power to maintain supervision over the defendant through probation by suspension of execution of the term for an appropriate period. The latter option would in many cases be foreclosed were the term limited to one-third of the maximum term since no realistic sanction for violation of probation would be available.

"It is apparent that the considerations leading to the limitation on physical confinement of minors differ markedly from those involved in adult sentencing. The physical confinement to which Welfare and Institutions Code section 726 refers is typically a commitment for a single continuous period of custody under the supervision of a single agency with a unitary rehabilitation plan. By directing in section 726 that the juvenile court measure the maximum period of confinement for 'multiple counts' in accordance with subdivision (a) of Penal Code section 1170.1, without restricting the application of the consecutive term provisions of that subdivision to felony counts, the Legislature recognized the different circumstances of juvenile and adult commitments, and indicated its intent that the aggregation provisions of section 1170.1 be applied whether the offenses committed by the minor are felonies or misdemeanors." (*In re Eric J., supra*, 25 Cal.3d at pp. 537-538.)

Manifestly the trial court had jurisdiction to impose a full one-year county jail term for burglary (Pen. Code, § 461) and did not err in doing so.

### IV.

Defendant's final contention is without merit. While it is true that the court is required to state the reasons for its sentencing choice on the record (Cal. Rules of Court, rule 425), and it did not expressly do so here, the error is harmless if the ability to review the decision is not impaired. (*People v. Blessing* (1979) 94 Cal.App.3d 835, 838 [155 Cal.Rptr. 780].) It is obvious from the record before us that the court

imposed a consecutive sentence because defendant had committed sodomy in the jail during the pendency of proceedings for his civil commitment for the burglary conviction. On its face his conduct satisfied two of the criteria affecting the imposition of consecutive sentences (rule 425(a)(1), (3), Cal. Rules of Court). Moreover in the original probation report the probation officer found two circumstances in aggravation (rule 421(a)(8); (b)(3)) and none in mitigation. The reasons for the imposition of a consecutive term are manifest from the record. It would be an idle act to remand the case to the trial court for reiteration of those reasons.

The judgment is affirmed.

Carr, J., concurred.

**BLEASE, J.**—I concur.

I concur in the result and in the opinion except as to part IV. I would remand the case to the trial court for an express sentence in accordance with the Rules of Court.