[No. C006327. Third Dist. Apr. 30, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
HAROLD WALTER FUGATE, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1] Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the factual and procedural background and parts I-V, VI(B)-VII of the discussion.

## COUNSEL

William J. Schmidt, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, Michael J. Weinberger and Thomas Y. Shigemoto, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MARLER, J.—**

### INTRODUCTION

Defendant Harold Walter Fugate was charged by information with four felonies and two misdemeanors. The charges were driving under the influence causing bodily injury (count I) (Veh. Code, § 23153, subd. (a)); driving with blood alcohol in excess of .10 percent causing bodily injury (count II) (Veh. Code, § 23153, subd. (b)); theft of a vehicle (count III) (Veh. Code, § 10851); felony hit and run (count IV) (Veh. Code, § 20001); resisting a public officer (count V) (Pen. Code, § 148); and falsely identifying himself to a peace officer (count VI) (Pen. Code, § 148.9). The information also alleged defendant had a prior prison term for a felony (Pen. Code, § 667.5, subd. (b).) A jury found defendant guilty on all six counts and the trial court found the special allegation true. The court sentenced him to a total unstayed prison term of five years and four months. Defendant appeals from the judgment of conviction. He contends (1) the court erroneously admitted his out of court statements because they were obtained in violation of *Miranda*,[2] (2) the instruction on resisting a public officer was in error, and (3) there was insufficient evidence to support the conviction for felony hit and run. He also claims several errors in sentencing. We affirm the judgment.

---

[2] *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974].

In the published portion of this opinion we address defendant's contention that the trial court erred in not stating on the record reasons for imposing a consecutive sentence for the misdemeanor convictions, as required by Penal Code section 1170, subdivision (c). We hold the requirements of that statute do not apply to sentencing on misdemeanors. We discuss defendant's other contentions in the unpublished portion of this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I-V*

. . . . . . . . . . . . . . . . . . . .

### VI

### A.

In addition to the sentences imposed for the felony convictions, the court sentenced defendant to six months for each misdemeanor (counts V and VI). The misdemeanor sentences were to run concurrent with each other, but consecutive to the felony sentences. Defendant was not required to serve any additional time in county jail, since his presentence custody credit exceeded the misdemeanor sentence.

Defendant contends it was error to impose sentence for the misdemeanor convictions to run consecutive to the sentences for the felonies. In the first part of his argument defendant claims the court violated Penal Code section 1170, subdivision (c) by failing to state its reasons for the consecutive sentence for the misdemeanors.[7] The decision to impose consecutive rather than concurrent sentencing is a sentencing choice within the meaning of Penal Code section 1170, subdivision (c). (*People* v. *Anjell* (1979) 100 Cal.App.3d 189, 203 [160 Cal.Rptr. 669]; *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].) The court indicated the

---

*See footnote 1, *ante*, page 1408.

[7]Subdivision (c) of Penal Code section 1170 states in part: "The court shall state the reasons for its sentence choice on the record at the time of sentencing. . . ."

sentences for counts I, III and IV would run consecutively because the crimes were at different times and different places, "being totally separate and apart from each other." The court indicated the sentences for the misdemeanors (counts V and VI) would run concurrent with each other and consecutive to the sentences for the felonies. However, the court did not give any reasons for this decision.

The Attorney General claims the court was not required to give any reasons because Penal Code section 1170, subdivision (c) does not apply to misdemeanors. In support of this position the Attorney General cites three cases, *In re Eric J.* (1979) 25 Cal.3d 522, 537 [159 Cal.Rptr. 317, 601 P.2d 549]; *In re Valenti* (1986) 178 Cal.App.3d 470, 473-474 [224 Cal.Rptr. 10]; and *People* v. *Hartsfield* (1981) 117 Cal.App.3d 504, 508 [172 Cal.Rptr. 794]; none of these cases, however, holds that section 1170, subdivision (c) does not apply to misdemeanors. Instead, these cases refer to Penal Code section 1170.1, which by its express terms only applies to felonies ("when any person is convicted of two or more felonies . . . the aggregate term of imprisonment for all these convictions . . ."). In *Hartsfield,* the trial court imposed a one-year jail term on a misdemeanor to be served consecutive to the four-year felony term and the defendant contended the court's failure to state reasons for the consecutive sentences was error. (117 Cal.App.3d at p. 507.) This court found Penal Code section 1170.1 did not apply to reduce the misdemeanor sentence to one-third the full term (*id*. at pp. 508-509), and without addressing the issue of whether the requirement of a statement of reasons applies to misdemeanors, this court noted the rule but found the omission harmless because the court's reasons could be discerned from the record. (*Id*. at pp. 509-510.) Although this court apparently assumed the requirement applied, the issue of its application to misdemeanors was not raised, much less decided, in the opinion. ■ A decision is not authority for propositions that were not considered in the court's opinion. (*People* v. *Myers* (1987) 43 Cal.3d 250, 265, fn. 5 [233 Cal.Rptr. 264, 729 P.2d 698]; *McDowell & Craig* v. *City of Santa Fe Springs* (1960) 54 Cal.2d 33, 38 [4 Cal.Rptr. 176, 351 P.2d 344].) We have found no published case that considers the application of Penal Code section 1170, subdivision (c) to a misdemeanor sentence run consecutive to a felony sentence.

■ Despite the absence of a published case so holding, we agree Penal Code section 1170, subdivision (c) does not apply to misdemeanors, either alone or in conjunction with a felony. In determining whether the imposition of consecutive sentences was a "sentence choice" under section 1170, the court in *People* v. *Walker, supra*, looked to the sentencing rules provided by the Judicial Council (Cal. Rules of Court, rules 401-490) for guidance. (83 Cal.App.3d at p. 622.) We look to the same source for guidance as to whether a court must state the reasons for its sentence choice on a misde-

meanor. Rule 403 states the applicability of the rules: "These rules apply only to criminal cases in superior courts in which the defendant is convicted of one or more offenses punishable as a felony by a determinate sentence pursuant to chapter 4.5 (commencing with § 1170) of Title 7 of Part 2 of the Penal Code." It could be argued this language does not preclude application of the rules to a misdemeanor when a felony is also involved. However, the comment of the Sentencing Practices Advisory Committee of the Judicial Council indicates the drafters of the rules understood otherwise. The comment states in part: "The operative portions of section 1170 deal exclusively with prison sentences; and the mandate to the Judicial Council in section 1170.3 is limited to criteria affecting the length of prison sentences and the grant or denial of probation. Criteria dealing with jail sentences, fines, or jail time and fines as conditions of probation, would substantially exceed the mandate of the legislation." Since the drafters of the sentencing rules understood them to apply only to felonies and nothing in Penal Code section 1170, subdivision (c) suggests a statement of reasons for a sentence choice is required for misdemeanors, we see no reason to impose such a requirement on the trial court. Where the Legislature has chosen not to make a clear directive for a statement of reasons explaining the trial court's exercise of its discretion, we refuse to further burden trial courts by finding such a requirement. (*In re Jacob M.* (1989) 210 Cal.App.3d 1178, 1180 [258 Cal.Rptr. 754]; *People* v. *Romero* (1985) 167 Cal.App.3d 1148, 1154-1155 [213 Cal.Rptr. 774].) The court did not err in failing to state reasons for imposing a consecutive sentence for the misdemeanors.

B., VII*

. . . . . . . . . . . . . . . . . . . . . .

VIII

Defendant's final claim of sentencing error involves his presentence custody credits. At sentencing the district attorney indicated defendant had 166 days of local custody credit and 83 days of work and conduct credits under Penal Code section 4019, for a total of 249 days. The court determined that the 180-day misdemeanor sentence would reduce the credits to zero and the abstract of judgment did not indicate any credits. Obviously this is error for 249 less 180 leaves a balance of 69, not zero, and the Attorney General concedes defendant is entitled to 69 days of credit. However, defendant claims he is entitled to 70 days of credit because the Attorney General is not including January 19, 1989, the day of sentenc-

---

*See footnote 1, *ante,* page 1408.

ing, in his calculations. The Attorney General responds that January 19 should not be included in the presentence custody credits because the court ordered defendant delivered to the Department of Corrections "forthwith" and under Evidence Code section 664 we presume the duty was properly performed. He claims that credit for January 19, therefore, should be granted by the Department of Corrections, not the sentencing court.

Recently this court held that the sentencing court is to award credit for all days in custody up to and including the day of sentencing and the Department of Corrections is to award credit for all days thereafter. (*People v. Smith* (1989) 211 Cal.App.3d 523, 527 [259 Cal.Rptr. 515].) Therefore defendant is correct that he should receive credit from the sentencing court for 70 days. Should the day of sentencing be the same day as delivery to the Department of Corrections, the Department of Corrections should delete that day from its award of credits.

### DISPOSITION

The abstract of judgment is to be corrected as indicated herein and a corrected copy forwarded to the Department of Corrections. The judgment is affirmed.

Sparks, Acting P. J., and Davis, J., concurred.