[No. B093787. Second Dist., Div. Six. June 5, 1996.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES CHARLES ERDELEN, Defendant and Appellant.

COUNSEL

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Donald J. Oeser, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

STONE (S. J.), P. J.—James Charles Erdelen appeals from the judgment entered following a jury trial that resulted in his conviction of vandalism (Pen. Code, § 594; count 2)[1] and disobeying a domestic relations court order (§ 273.6; count 3)[2] (both misdemeanors) and, following his negotiated plea of no contest to violating, with an act of violence or threat of violence, a restraining order after previously violating a court order within the past seven years (§ 273.6, former subd. (c); count 20). He was sentenced to a prison term of three years plus a consecutive jail term of one year. He contends that the trial court erred in failing to state its reasons for imposing a prison sentence, and that his sentence must be vacated and the matter remanded because the sentencing court erred in selecting the upper term for count 20. Additionally, he claims the trial court also erred by imposing full consecutive sentences on counts 2 and 3, both misdemeanors. We disagree and affirm.

FACTS

Appellant's former girlfriend obtained a restraining order against him. Appellant continued to go to her residence and, on October 30, 1994, slashed the tires of her car. On October 31, and November 3, 1994, he again went to her residence.

Appellant was charged with stalking, vandalism, residential burglary, false imprisonment, sexual battery, dissuading a witness by force or threat, two

---

[1]All future statutory references are to the Penal Code unless otherwise stated.

[2]Section 273.6 was amended effective January 1, 1995. Appellant's offense is now defined in subdivision (d) of section 273.6.

counts of rape by foreign object, four counts of forcible oral copulation, and seven counts of forcible rape. At trial, his former girlfriend testified regarding the offenses for which appellant was convicted. She also testified that, from October 23, 1994, to November 4, 1994, appellant had contacted her several times; on October 31, 1994, he had forcibly raped her; on the evening of November 3, 1994, he had entered her residence without permission and had forced her to commit numerous sexual acts that night and the following morning; and he had threatened to harm her if she reported his activities. In closing argument, defense counsel pointed out many discrepancies in the victim's narrative and her admissions of not telling the truth on several occasions. He argued that she had engaged in consensual activity with appellant and was not telling the truth because of the effect it would have on her relationship with her present boyfriend.

As stated above, the jury found appellant was guilty of vandalism and disobeying a court order (a lesser included offense to the October 31, 1994, rape charge), but could not reach verdicts on the other 17 counts. A mistrial was declared as to those charges.

At a subsequent hearing, the prosecutor informed the court, "[T]he People are making an oral motion to amend the Information to allege a violation of 273.6, a felony . . . ." The information was then amended to include count 20 to which appellant entered his plea. Appellant had signed a "felony disposition statement" which stated he was pleading guilty to "273.6(c) FELONY." The disposition statement also stated that appellant could be considered for probation and that dismissed counts could be considered in determining his sentence.[3]

At sentencing, the prosecutor argued that the evidence presented at trial indicated appellant was "a severe danger to the community." The prosecutor also pointed out appellant's lack of remorse. Defense counsel reminded the court that appellant had not been found guilty of nearly all the charged offenses and remarked that "the felony violation of a restraining order count was in the nature of a settlement." Defense counsel called the court's attention to a letter written by appellant and asked the court to "hang the [specter] of [going to] prison over [appellant's] head, give him a year in jail and put some strict terms of probation . . . ."

The court responded: "Well, I read Mr. Erdelen's letter twice and the only thing I got out of it is that he feels very sorry for himself and in essence

---

[3]In a letter to the court, appellant referred to being sentenced "for felony charge 273.6-c."

blames other people for his predicament. [¶] So first of all as to any consideration for probation, that application is denied. [¶] The Defendant has a significant record of similar criminal acts. Although he expressed a willingness to comply with the terms of probation, he has demonstrated an unwillingness to comply with it in the past, and I think he would be a danger to Miss [K.] if released on probation." In sentencing appellant to the upper term of three years for felonious violation of a court order (count 20), the court stated: "I do so because the crime involved a threat of great bodily harm and other acts which disclosed a high degree of callousness. Further, the Defendant threatened the victim about contacting the police." The court also imposed a 12-month jail term for the misdemeanor disobedience of a court order and a concurrent 6-month jail term for vandalism and ordered that the 12-month jail term be served consecutive to the prison term, because "the crimes were committed at separate times."

## DISCUSSION

### Imposition of Upper Prison Term for "Wobbler"

Appellant's contentions that remand is required because the court did not state its reasons for imposing a prison term and because it stated an improper reason for imposing the upper term are without merit. Appellant points out that count 20 is what is commonly known as a "wobbler" in that it is punishable either as a misdemeanor or a felony. He argues that the decision to impose a prison sentence required a statement of reasons. He asserts that the trial court gave reasons for denying probation and for imposing the upper term and consecutive sentences but did not state its reasons for not reducing the offense to a misdemeanor. The court's statement of its reasons for denying probation and for imposing the upper term clearly indicate the court would not have considered reducing appellant's offense to a misdemeanor. The plea agreement and the remarks of counsel establish that the parties understood count 20 would be treated as a felony.

Appellant also maintains the court's mention of the violent nature of appellant's conduct was an improper dual use of facts. It is true that one of the elements of section 273.6, former subdivision (c) is that the violation of the court order involve "an act of violence or 'a credible threat' of violence," and that an element of an offense cannot be used to impose the upper term. However, here the court referred to "other acts which disclosed a high degree of callousness." Pursuant to the plea agreement, the court could properly consider any violence involved in the dismissed counts. Those

counts involved acts which were separate and distinct from the violation of section 273.6, former subdivision (c).

■  Moreover, respondent is correct in pointing out that appellant is precluded from raising these sentencing issues on appeal because he failed to object at sentencing. In *People* v. *Scott* (1994) 9 Cal.4th 331, 353 [36 Cal.Rptr.2d 627, 885 P.2d 1040], our Supreme Court stated: "[T]he waiver doctrine should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices. Included in this category are cases in which . . . the court purportedly erred because it double-counted a particular sentencing factor . . . or failed to state any reasons or give a sufficient number of valid reasons."

Here, appellant and his counsel were aware count 20 would be treated as a felony and had ample opportunity to object to the imposition of the upper term. (*People* v. *Scott, supra,* 9 Cal.4th at p. 356.) Appellant has waived any error in the trial court's statement of reasons.

*Imposition of Consecutive Terms for Misdemeanors*

■  Nor is there any merit to appellant's argument that the imposition of full consecutive terms for the misdemeanors violated his right to equal protection and the sentencing provisions of section 1170.1. Subdivision (a) of section 1170.1 states in relevant part: "[W]hen any person is convicted of two or more felonies, . . . and a consecutive term of imprisonment is imposed . . . [t]he subordinate term for each consecutive offense . . . shall consist of one-third of the middle term of imprisonment prescribed for each . . . felony conviction . . . ." Appellant seeks to rely on *People* v. *Murray* (1994) 23 Cal.App.4th 1783 [29 Cal.Rptr.2d 42], which held that the double-the-base-term limitation of subdivision (g) of section 1170.1 applied when jail terms for misdemeanors were imposed consecutively to a prison term. However, the *Murray* court noted that subdivision (g) was not expressly limited to felonies as was subdivision (a) of section 1170.1. (23 Cal.App.4th at pp. 1789-1790.) The court apparently recognized its holding regarding subdivision (g) was not necessarily applicable to the sentencing provisions of subdivision (a).

In *In re Valenti* (1986) 178 Cal.App.3d 470 [224 Cal.Rptr. 10], this court held that the imposition of full consecutive terms on a misdemeanant, while a felon received the benefit of the one-third limitation for consecutive terms, did not violate principles of equal protection. We pointed out that "[t]here is

. . . a significant difference in the quality and duration of punishment, as well as in resultant long-term effects, which are brought about by a conviction for a felony as opposed to that for a misdemeanor." (*Id.* at p. 475.)

Appellant notes that he will be subject to all of the burdens of a felony conviction. In addition he will serve a full sentence for his misdemeanor offenses rather than the one-third term which would be available under the terms of section 1170.1, subdivision (a).

In *Murray*, the reviewing court agreed with the defendant that ". . . there is no rational reason to treat him differently than one convicted only of felony offenses" since he "incurred all the penalties associated with felony convictions." (*People* v. *Murray, supra*, 23 Cal.App.4th at p. 1792.) Insofar as this statement could be deemed an argument for imposing sentences for misdemeanors under the provisions of subdivision (a) of section 1170.1, whenever the misdemeanor term is imposed consecutive to a prison term, we reject it.

In *In re Eric J.* (1979) 25 Cal.3d 522, 537 [159 Cal.Rptr. 317, 601 P.2d 549], the California Supreme Court stated: "[T]he Legislature clearly indicated its intent that the aggregation provisions of Penal Code section 1170.1, which limit consecutive terms to one-third of the middle determinate term, apply only in imposing sentence for felonies . . . ." Moreover, while appellant will be subjected to the penalties of felony conviction, those penalties are based on his separate conviction for the felony offense and are not related to his misdemeanor convictions. As we stated in *Valenti*, serving a jail term for the misdemeanor convictions will subject him to none of the additional penalties of a felony conviction.

Therefore, we reject appellant's equal protection arguments. "The limitation of section 1170.1 [to felony convictions] reflects a legislative recognition that misdemeanor terms . . . are served in local detention facilities and are not part of a continuous period of imprisonment . . . . The judge who orders that a misdemeanor term be served consecutively to a previously imposed felony term thus retains discretion as to the length of the misdemeanor term and the power to maintain supervision over the defendant through probation . . . ." (*In re Eric J., supra*, 25 Cal.3d at pp. 537-538.)

The Supreme Court recognized that a defendant serving a misdemeanor term consecutive to a prison term is not similarly situated to a defendant

serving consecutive prison terms. We agree with the Supreme Court that the language of section 1170.1, subdivision (a) precludes its application to sentences for misdemeanors, even though appellant is serving a prison term for a felony. (See *People* v. *Hibbard* (1991) 231 Cal.App.3d 145, 149, fn. 8 [282 Cal.Rptr. 351] [irrelevant that defendant achieved felony status by virtue of escape]; *People* v. *Fugate* (1990) 219 Cal.App.3d 1408, 1411 [269 Cal.Rptr. 37] [sentences of six months for each of two misdemeanors to run concurrent to each other but consecutive to felony sentences].)

The judgment is affirmed.

Gilbert, J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 28, 1996.