[No. E063630. Fourth Dist., Div. Two. June 10, 2016.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES LEE BROWN, Defendant and Appellant.

**Counsel**

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Randall D. Einhorn and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**McKINSTER, Acting P. J.**—Defendant and appellant Charles Lee Brown asserts that an ambiguous jury verdict form mandates reversal of his conviction on one count of felony resisting or attempting to deter an executive officer in the performance of his duties, in violation of Penal Code section 69, and resentencing solely on his conviction on one count of misdemeanor resisting a peace officer in violation of Penal Code section 148, subdivision (a).[1] In the alternative, he contends that the full-term consecutive sentence imposed for the misdemeanor count was not authorized by law.

We will affirm both the felony conviction and the sentence.

## PROCEDURAL HISTORY

An information alleged that on or about March 8, 2014, defendant committed two counts of resisting or attempting by threats and violence to deter an executive officer, Michael Johnson, from performing a lawful duty. (§ 69.) It also alleged that defendant had served two prior prison terms, within the meaning of section 667.5, subdivision (b).[2] A jury convicted defendant of the lesser included offense of misdemeanor resisting arrest (§ 148, subd. (a)(1)) as to count 1 and, as discussed below, returned an arguably ambiguous guilty verdict as to count 2. The prior prison term allegations were found true in a separate bench trial.

The court imposed the upper term of three years as to count 2, a consecutive one-year term as to count 1, and a consecutive one-year term for the prior prison term enhancement.[3] This term was to be served in county jail consecutive to the term defendant was already serving.

Defendant filed a timely notice of appeal.

## FACTS

On March 8, 2014, defendant was an inmate in the San Bernardino County jail. That evening, Deputy Johnson and other deputies conducted a surprise search, or "shakedown," of cells to search for contraband. The procedure involved each inmate being removed from his cell, subjected to a body search, and then moved to a secure location while his cell was searched.

---

[1] All statutory citations refer to the Penal Code.

[2] The information was later amended with respect to the second prior. No written amended information appears in the record on appeal.

[3] At sentencing, it was agreed that the two convictions constituted a single prison term.

When defendant was ordered out of his cell, he did not comply with Johnson's order to put his hands on his head. Johnson repeated his order several times, but defendant did not comply. At one point, he moved his hands toward the waistband of his pants. Fearing that defendant had a weapon, Johnson decided to force him to the ground. Defendant grabbed at the bars of the cell and had to be forcibly handcuffed by Johnson and two other deputies. This interaction was the factual basis for count 1.

Defendant suffered a laceration to his chin in the altercation. As he was being taken to the infirmary, defendant made a number of statements to Johnson that Johnson took as threats: Defendant told Johnson to watch himself while he was in the jail because defendant would take his head off; that he had better protect himself every time defendant walked through; and that if defendant ever saw Johnson outside the jail, Johnson had better be armed with a gun. When Johnson asked if defendant was threatening him, defendant said that he was. These threats were the factual basis for count 2.

The incident was video recorded. The recording was played for the jury.

## LEGAL ANALYSIS

### 1.

### VERDICT FORM 2-A ADEQUATELY REFLECTS THE JURY'S INTENTION TO CONVICT DEFENDANT OF A FELONY ON COUNT*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### 2.

### THE CONSECUTIVE SENTENCE ON COUNT 1 WAS NOT UNAUTHORIZED

■ Section 148, subdivision (a)(1), provides for punishment by a fine not exceeding $1,000, or by imprisonment in a county jail not to exceed one year, or by both that fine and imprisonment. Here, the court imposed a term of one year, to run consecutive to the term imposed on count 2. Defendant contends that the full-term consecutive sentence is not authorized by law. He contends

---

*See footnote, *ante*, page 1430.

that pursuant to section 1170.1, subdivision (a), the authorized sentence was one-third of that term, i.e., four months.[7]

■ Section 1170.1, subdivision (a) (hereafter section 1170.1(a)) provides in pertinent part: "Except as otherwise provided by law . . . when any person is *convicted of two or more felonies* . . . and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed . . . . The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed . . . ." (Italics added.) The California Supreme Court has held that section 1170.1(a) clearly expresses the Legislature's intent that the one-third the middle term limitation applies only to consecutive felony terms (*In re Eric J.* (1979) 25 Cal.3d 522, 537 [159 Cal.Rptr. 317, 601 P.2d 549] (*Eric J.*)), and intermediate appellate courts have held that it does not preclude imposition of a full consecutive term for a misdemeanor that is made subordinate to a felony term (*People v. Erdelen* (1996) 46 Cal.App.4th 86, 91–92 [53 Cal.Rptr.2d 553]; *People v. Murray* (1994) 23 Cal.App.4th 1783, 1789 [29 Cal.Rptr.2d 42]; *People v. Hartsfield* (1981) 117 Cal.App.3d 504, 508 [172 Cal.Rptr. 794]).

Defendant acknowledges these facts, but contends that where, as in this case, sentence is imposed under section 1170, subdivision (h) (hereafter section 1170(h)),[8] a different interpretation of section 1170.1(a) is required in order to avoid an absurd result not contemplated by the Legislature. He relies, by analogy, on *Eric J., supra*, 25 Cal.3d 522.

In *Eric J.*, a juvenile court committed a minor to the California Youth Authority for a maximum term of three years for burglary and six months for a misdemeanor. The minor argued as defendant does in this case, i.e., that the aggregate maximum term was erroneously computed by adding the maximum terms prescribed by law for both the felony and misdemeanor counts, and that the court should have imposed only one-third of the maximum term for the subordinate misdemeanor. The Attorney General countered that section 1170.1(a) expressly applies only to consecutive terms imposed for felony

---

[7] Defendant did not object to the sentence in the trial court. A sentence that is not authorized by law may be challenged for the first time on appeal, however. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].)

[8] Section 1170(h) was enacted as part of the Criminal Justice Realignment Act of 2011 (Realignment Act). (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 1.) As pertinent here, it provides: "Except as provided in paragraph (3), a felony punishable pursuant to this subdivision shall be punishable by imprisonment in a county jail for the term described in the underlying offense." (§ 1170(h)(2).) The court sentenced defendant under this provision.

offenses and that the juvenile court properly aggregated the misdemeanor term by imposing the maximum term prescribed by law. (*Eric J., supra*, 25 Cal.3d at p. 537.) The California Supreme Court agreed with the minor and held that the consecutive term of six months must be reduced to one-third, i.e., two months. (*Id.* at pp. 525–526, 537.)

The court reasoned as follows: Welfare and Institutions Code former section 726, as in effect at that time, provided in relevant part that when a minor is removed from the custody of his or her parent or guardian under an order of wardship, the minor may not be held in physical confinement for a period "in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." As used in that section, "maximum term of imprisonment" means "the longest of the three time periods set forth in paragraph (2) of subdivision (a) of Section 1170 of the Penal Code . . . ." (Welf. & Inst. Code, former § 726; see *Eric J., supra*, 25 Cal.3d at p. 535, fn. 2.) Interpreting Welfare and Institutions Code former section 726 to apply Penal Code section 1170.1(a) only to felonies and not to misdemeanors, as urged by the Attorney General, however, "would lead to the following result: A minor committed for the period of the maximum term for a principal felony offense, and to one-third of the middle term of a 'sixteen months, two years, three years' subordinate felony offense, could be confined for an aggregate maximum period four months shorter than a minor committed for the same principal offense but with a subordinate misdemeanor offense having a one-year maximum term. This anomaly does not appear to have been within the contemplation of the Legislature." (*Eric J.*, at p. 537.)

"[Accordingly,] [a]lthough the Legislature clearly indicated its intent that the aggregation provisions of Penal Code section 1170.1, which limit consecutive terms to one-third of the middle determinate term, apply only in imposing sentence for felonies, we are not persuaded that the Legislature intended that this distinction apply in determining the maximum period of confinement for minors committed by the juvenile court. *The limitation of section 1170.1 reflects a legislative recognition that misdemeanor terms, unless imposed concurrently with a felony term, are served in local detention facilities and are not part of a continuous period of imprisonment under the supervision of the same correctional officials.* The judge who orders that a misdemeanor term be served consecutively to a previously imposed felony term thus retains discretion as to the length of the misdemeanor term and the power to maintain supervision over the defendant through probation by suspension of execution of the term for an appropriate period. The latter option would in many cases be foreclosed were the term limited to one-third

of the maximum term since no realistic sanction for violation of probation would be available." (*Eric J., supra*, 25 Cal.3d at pp. 537–538, italics added.)

The court went on to say, "It is apparent that the considerations leading to the limitation on physical confinement of minors differ markedly from those involved in adult sentencing. The physical confinement to which Welfare and Institutions Code section 726 refers is typically a commitment for a single continuous period of custody under the supervision of a single agency with a unitary rehabilitation plan. By directing in section 726 that the juvenile court measure the maximum period of confinement for 'multiple counts' in accordance with subdivision (a) of Penal Code section 1170.1, without restricting the application of the consecutive term provisions of that subdivision to felony counts, the Legislature recognized the different circumstances of juvenile and adult commitments, and indicated its intent that the aggregation provisions of section 1170.1 be applied whether the offenses committed by the minor are felonies or misdemeanors." (*Eric J., supra*, 25 Cal.3d at p. 538.)

Here, defendant argues that not applying section 1170.1(a) to aggregated felony/misdemeanor terms in adult criminal proceedings subject to section 1170(h)(2) would result in the same anomaly, i.e., "that a [consecutive] misdemeanor sentence would be greater than a consecutive felony sentence, something the Legislature did not expect or contemplate." He contends that because aggregated felony/misdemeanor sentences ordered to be served in local custody rather than in state prison under section 1170(h)(2), such sentences are analogous to juvenile commitments, which are "part of a continuous period of imprisonment." He contends that if an aggregated felony/misdemeanor sentence is served in a single institution, this differentiates it from such a sentence that is not subject to section 1170(h)(2) and is therefore served partly in state prison and partly in a county jail.

■ The purpose of statutory interpretation is to effectuate the intent of the Legislature. (*People v. Ledesma* (1997) 16 Cal.4th 90, 95 [65 Cal.Rptr.2d 610, 939 P.2d 1310].) The Legislature is presumed to be aware of judicial interpretations of a statute. (*Id.* at pp. 100–101.) If the Legislature amends or reenacts the statute without changing the interpretation placed on that statute by the courts, " 'the Legislature is presumed to have been aware of, and acquiesced in, the courts' construction of that statute. [Citation.]' " (*Ibid.*) ■ The fact that courts have held at least since 1979 that section 1170.1(a)'s limitation on the length of consecutive sentences applies in adult cases only to felony sentences leads us to infer that if the Legislature had intended a different result when it amended section 1170.1(a), when it enacted the Realignment Act in 2011, it would have said so. Nothing in defendant's argument persuades us otherwise.

## DISPOSITION

The judgment is affirmed.

Miller, J., and Codrington, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 14, 2016, S235902. Corrigan, J., did not participate therein.