Filed 3/1/21  P. v. Wilson CA4/1
NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEVION WILSON,<br><br>    Defendant and Appellant. | D076841<br><br><br>(Super. Ct. No. SCD282109) |

APPEAL from a judgment of the Superior Court of San Diego County, Charles G. Rogers, Judge.  Judgment affirmed.  Request for judicial notice denied.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.


A jury convicted Devion Wilson of unlawful possession of a firearm (count 1, Pen. Code, § 29800, subd. (a)(1)) and ammunition (count 2, § 30305,

subd. (a)(1)).[1]  It also found Wilson guilty of a misdemeanor, possessing a controlled substance, a lesser included offense of possession for sale (count 3, Health & Saf. Code, § 11350).  The court sentenced Wilson to a six-year prison term.

On appeal Wilson challenges only his misdemeanor sentence.  He contends the court violated section 1170.1(a) (section 1170.1(a)) by imposing a full consecutive term instead of one-third of the full term.  Wilson also contends the court abused its discretion by refusing to recommend the Department of Corrections and Rehabilitation place him in "fire camp."

We conclude section 1170.1(a) does not apply to adult misdemeanor convictions, and that the trial court acted within its discretion in not recommending Wilson for service as a wildland firefighter.  Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Wilson was convicted of assault with a deadly weapon with an accompanying gang enhancement.  After violating probation, he served a seven-year prison term.

In June 2019, San Diego police officers made a traffic stop on a Maserati in which Wilson, on parole and armed with a 9-millimeter semi-automatic handgun, was a backseat passenger.  He also had $1,600 in his sock, all in $100 bills.  In Wilson's nearby parked car, police found a digital scale and 17.51 grams of cocaine.

The San Diego County District Attorney charged Wilson with (1) possession of a firearm by a felon (count 1); (2) felon in possession of ammunition (count 2); (3) possession for sale of a controlled substance

---

[1]    Undesignated statutory references are to the Penal Code.

(count 3); and possession of a firearm by possessor of a controlled substance (count 4). A prison prior and strike prior were also alleged.

A jury returned guilty verdicts on counts 1 and 2. After acquitting Wilson on count 3, the jury convicted him of simple possession as a lesser included offense. The court granted the People's motion to dismiss count 4 after the jury deadlocked on that count.

In bifurcated proceedings, Wilson admitted being on parole when committing these offenses. He also admitted the strike prior.

The court sentenced Wilson to (1) the upper three year term on count 1, doubled for the strike prior; and (2) the upper three year term on count 2, doubled for the strike prior, the execution of which was stayed under section 654. On the misdemeanor, a consecutive 292-day sentence was imposed, with credit for 146 actual days plus 146 conduct credits, the entirety of Wilson's presentence credits. The court dismissed the prison prior, assessed various fines and fees, and declined defense's counsel's request to recommend the Department of Corrections and Rehabilitation place Wilson in "fire camp."

DISCUSSION

A.     *The Court Properly Sentenced Wilson to a Full Consecutive Term*

Where a defendant is convicted of two or more felonies and the court imposes a consecutive prison term, the court must calculate the aggregate prison term. (§ 1170.1, subd. (a).) The aggregate term is the sum of the principal term, the subordinate term(s), and any enhancements. (*Ibid*.) Generally, the principal term is the greatest term for any of the crimes. (§ 1170.1, subd. (a).) The subordinate term for each consecutive offense is ordinarily "one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed." (*Ibid*.)

3

Wilson contends that by failing to sentence the misdemeanor either concurrently with the felony—or if consecutively, in the manner prescribed by section 1170.1(a)—the court imposed an "illegal" sentence.[2]  In evaluating his claim, we begin with the statutory text.  Section 1170.1(a) provides in part:

> (a) Except as otherwise provided by law . . . when any person is convicted of two or more *felonies* . . . and a consecutive term of imprisonment is imposed . . . the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements . . . .  The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other *felony* conviction for which a consecutive term of imprisonment is imposed . . . ."  (Italics added.)

Since 1872, the Legislature has distinguished between felonies and misdemeanors.  (§17, subd. (a).)  By its plain language, section 1170.1(a) applies only where a person is convicted of "two or more felonies" and a consecutive term of imprisonment is imposed for the "felony conviction."  Here, the consecutive term Wilson challenges is for a misdemeanor conviction.  Therefore, section 1170.1(a) does not apply.

*In re Eric J.* (1979) 25 Cal.3d 522 (*Eric J.*) reinforces this conclusion.  There, a juvenile court found that a minor had committed a felony (burglary) and a misdemeanor (contempt of court).  (*Id.* at pp. 525–526.)  The Supreme Court stated that in *adult* cases, the Legislature had "clearly indicated its intent" that section 1170.1 applies "only in imposing sentence for felonies."

---

[2]    The Attorney General contends Wilson has forfeited this issue by failing to object to the court imposing a full consecutive misdemeanor term.  However, we consider the point because a sentence that is not authorized by law may be challenged for the first time on appeal.  (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

(*Eric J.*, at p. 537.)  In contrast, in juvenile matters, the Legislature manifested a different intent in Welfare and Institutions Code section 726, subdivision (c), which provides, "If the court elects to aggregate the period of physical confinement on multiple counts . . . the 'maximum term of imprisonment' shall be specified in accordance with subdivision (a) of Section 1170.1 of the Penal Code." (*Eric J.*, at p. 536, fn. 3.)[3]  Harmonizing these two statutes  *Eric J.* holds that in juvenile matters, the one-third formula for subordinate terms applies to both felonies and misdemeanors:

> "By directing in [Welfare and Institutions Code] section 726 that the juvenile court measure the maximum period of confinement for 'multiple counts' in accordance with subdivision (a) of Penal Code section 1170.1, without restricting the application of the consecutive term provisions of that subdivision to felony counts, the Legislature recognized the different circumstances of juvenile and adult commitments, and indicated its intent that the aggregation provisions of section 1170.1 be applied whether the offenses committed by the minor are felonies or misdemeanors." (*Eric J.*, at p. 538.)

In asserting that section 1170.1(a) applies to his misdemeanor conviction, Wilson asserts we should "follow the reasoning of . . . *Eric J.* and "order the misdemeanor sentence of count 3 reduced to four months." Although we follow the reasoning of *Eric J.*, we do not agree it requires reduction of the misdemeanor sentence for two reasons.

First, *Eric J.* turns on Welfare and Institutions Code section 726.  That statute is not applicable to adult convictions.  Second, appellate courts have rejected attempts to expand the holding in *Eric J.* to adult sentencing.  *People v. Brown* (2016) 247 Cal.App.4th 1430 is illustrative.  There, the trial court

---

[3]     The substance of this provision is now in Welfare and Institutions Code section 726, subdivision (d)(3).

imposed an upper term on a felony count, and a consecutive one-year term on a misdemeanor. (*Id.* at p. 1432.) Like Wilson, the defendant in *Brown* asserted that under section 1170.1(a), the only authorized consecutive sentence was one-third of that term. (*Brown,* at p. 1434.) Citing *Eric J.,* *supra,* 25 Cal.3d 522, the court in *Brown* rejected that contention, noting that *Eric J.*'s holding is limited to juvenile commitments, not adult prison sentences. (*Brown,* at p. 1434; see also *People v. Erdelen* (1996) 46 Cal.App.4th 86, 92 [rejecting section 1170.1 argument where court sentenced for three years on a felony and consecutive full terms for misdemeanors]; *People v. Hartsfield* (1981) 117 Cal.App.3d 504, 508 [section 1170.1 "does not apply to a sentence for misdemeanor ordered to be served consecutively to a felony term"].)

B.  *The Court Did Not Abuse Its Discretion in Declining to Recommend Wilson for Fire Camp*

Fire camps are jointly operated by the California Department of Corrections and Rehabilitation and Cal Fire. Each camp houses between 80 to 125 inmate firefighters, "mainly nonviolent offenders who have volunteered to be trained and deployed as wildland firefighters." (Stygar, *Thinking Outside the Box: A Point-Based System of Reintegration for California's Inmate Firefighters* (2020) 56 Cal. Western L.Rev. 455, 462 (hereafter *Inmate Firefighters*).) Fire camp inmates receive two dollars per day, plus one dollar per hour while on a fire assignment. Additionally, inmates earn a two-day sentence reduction for each day spent working in fire camp. (*Id.* at pp. 471–472.)

"Inmates assigned to a camp receive a number of incentives for their hard work. When not working, prisoners are free to move about the camp facility as they please.[] They also receive better quality meals prepared onsite by fellow inmate firefighters.[] At Fire Camp, concrete walls and

6

barbed wire are replaced by open fields and greenery.[]  The grounds themselves, which the inmates maintain, are outfitted with weight rooms, vegetable gardens, shaded picnic areas, horseshoe pits, and other niceties otherwise unavailable to inmates."  (*Inmate Firefighters*, *supra*, 56 Cal. Western L.Rev. at p. 463.)

At sentencing Wilson's attorney asked the court to recommend fire camp, stating:

> "I'd ask that the court recommend fire camp for Mr. Wilson. I understand he has a prior violent offense, but in this case I think that it might be beneficial for him to pick up a trade skill as well as let him help the community or learn that trade."

The court declined, stating, "I'm not going to recommend fire camp for this man."

Wilson contends the court abused its discretion in refusing to recommend fire camp without stating reasons.  He asserts the court's "desire for punishment . . . overrode a possible last chance for [Wilson] has to turn his life around."  To demonstrate the value of inmate fire fighters, Wilson asks that we take judicial notice of internet articles discussing certain California prisoners assigned to fire camp.

The request for judicial notice is denied.  The record does not indicate that these materials were presented to the trial court.  Moreover, even if they had been, the documents are not properly subject to judicial notice.  (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 194 [improper to take judicial notice of "Web sites and blogs"].)

Wilson cites no authority, and we are aware of none, requiring the court to state its reasons for refusing to recommend fire camp.  Declining to

recommend fire camp is not a sentencing choice requiring a statement of reasons. (Cal. Rules of Court, rule 4.406(b).)

In any event, the court had ample grounds for declining to recommend fire camp. At sentencing the court noted that of the four people in the car, at least two were gang members. Wilson was on parole and directed to not associate with gang members. Wilson was "loaded on cocaine" when arrested He was also armed with a nine millimeter semi-automatic handgun fully loaded with hollow point bullets. Wilson explained to the probation officer that he was "really paranoid" due to his drug use and thought people were out to get him. The court could reasonably conclude that Wilson's gang affiliation, history of violence, drug abuse, and refusal to conform his conduct to the requirements of the law made him ill-suited for a fire camp recommendation.

## DISPOSITION

The judgment is affirmed.[4]

DATO, J.

WE CONCUR:

BENKE, Acting P. J.

O'ROURKE, J.

---

[4] At the conclusion of oral argument, appellant's counsel sought to preserve an issue regarding Wilson's ability to pay certain fines and fees that were assessed as part of the judgment, citing a case currently pending before the California Supreme Court. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.) This contention was nowhere mentioned in the briefs. Absent good cause, we do not consider points raised for the first time at oral argument. (See, e.g., *Kinney v. Vaccari* (1980) 27 Cal.3d 348, 356, fn. 6.)