Filed 2/22/16  P. v. Nguyen CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TRUNG NGUYEN,<br><br>    Defendant and Appellant. | D068275<br><br><br><br>(Super. Ct. No. SCD131572) |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Szumowski, Judge.  Affirmed.

Law Office of Murray D. Hilts and Michael J. Codner for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Scott C. Taylor, Deputy Attorney General, for Plaintiff and Respondent.

This is an appeal from the trial court's denial of Trung Nguyen's postjudgment motion to reduce his felony conviction to a misdemeanor.  Essentially, Nguyen contends

the court failed to give adequate reasons for denying his motion. Applying the proper standard of review we will affirm the trial court's order.

FACTS AND PROCEDURAL BACKGROUND

In 1997, Nguyen was a member of the Asian Crip Boys Gang, a criminal street gang. In September of that year, Nguyen and a number of other gang members attacked the victim because the victim had established a relationship with the girlfriend of one of the gang members.

The victim was lured to a location where he was ultimately surrounded by gang members and stabbed seven times and otherwise kicked, punched and beaten. The victim was left unconscious at the scene.

Ultimately Nguyen pleaded guilty to one count of assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) and admitted the personal use of a deadly weapon (§ 1192.7, subd. (c)(23)). Nguyen was granted probation, subject to 365 days in local custody.

In 2015, Nguyen filed a motion to reduce his conviction to a misdemeanor pursuant to section 17, subdivision (b)(3). The People filed written opposition. Following a brief hearing the trial court denied the motion.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

Nguyen contends the trial court failed to state adequate reasons for its decision and that we should at least remand for a new hearing. In any event he contends the court abused its discretion.

## A. Standard of Review

A trial court has broad sentencing discretion when ruling on a motion to reduce a felony offense to a misdemeanor. (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977 (*Alvarez*).) We may only reverse such decision where the record demonstrates a manifest abuse of the court's discretion. (*Id.* at pp. 977-978.) The burden is on the moving party to demonstrate an abuse of discretion. (*Ibid.*)

Where a party seeks to challenge a court's decision on a motion to reduce the offense the party may not challenge the court's failure to fully articulate its reasoning unless the party asks the court to do so. Failure to address the issue in the trial court precludes consideration of the issue on appeal. (*People v. Erdelen* (1996) 46 Cal.App.4th 86, 90-91.)

Generally a trial court should articulate the reasons for its decision in order to provide a basis for meaningful review of the decision. (*People v. Martin* (1986) 42 Cal.3d 437, 450.) However, where the record does provide a basis to understand to issues and the arguments on both sides, the existence of such a "full record" will permit meaningful review of the court's decision. (*People v. Edwards* (1976) 18 Cal.3d 796, 803-805.)

When we review the record underlying a trial court decision we ordinarily deem the court to have considered the relevant criteria, particularly as it relates to sentencing decisions.  (*People v. Zamora* (1991) 230 Cal.App.3d 1627, 1637.)

## B.  Analysis

Undoubtedly the trial court's statement of its ruling was terse.  It certainly would have been the better practice to more fully articulate the reasons for its decision.  A more complete explanation would not only assist in this court's review, but would serve to inform the citizen of the court's reasons and likely improve the public confidence in the court's decisions.  All of that said, we are informed of the facts surrounding the crime and the defendant's history since the offense and we can assess the court's decision.

Here the crime was grievous.  The victim was beaten and stabbed multiple times and presumably left for dead.  The reason:  he had offended one of Nguyen's fellow gang members.  It is fortunate that the victim survived.

On the other side of the scale, the record shows that Nguyen has not suffered any criminal convictions in the ensuing years and is fully employed.  All of which gets us to the abuse of discretion standard.  Reasonable judges might well have reached a different decision in this case.  That is, however, not the test.  (*Alvarez, supra*, 14 Cal.4th at pp. 977-978.)  The fact that different decisions might have been reached simply illustrates the fact this type of decision is properly left to the sound discretion of the trial courts.  Based on the record before us, we cannot say the trial court exceeded the bounds of reason or that its decision is unreasonable or arbitrary.

DISPOSITION

The order denying the motion to reduce Nguyen's conviction to a misdemeanor is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

McDONALD, J.